## STATE OF FLORIDA v. HALM

Case No. 84-6857-TT-A-1

County Court, Monroe County

January 8, 1985

### APPEARANCES OF COUNSEL

**Edward W. Horan,** Assistant State Attorney, for plaintiff.

**Roberta S. Fine,** Assistant Public Defender, for defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

RICHARD G. PAYNE, County Judge.

At the close of the evidence presented by the State the defendant moved for a Judgment of Acquittal on the ground that although the State had produced evidence in the form of defendant's blood/alcohol reading of .17 taken 1 hour after his arrest there was no evidence adduced as to what the defendant's reading would have been at the time he was operating the motor vehicle. This Court denied the motion and the same was renewed at the close of all the evidence and denied. The Court read the standard jury instructions to the jury (relevant copies attached) concerning the legal presumptions which arise given various blood/alcohol readings. The jury returned a verdict of Not Guilty for the offense of Driving While Under the Influence (DUI), F.S. 316.193, and a verdict of Guilty to the offense of Driving With an Unlawful Blood/Alcohol Level (UBAL), F.S. 316.193(3). The defendant moved the Court for a Judgment of Acquittal and the matter was taken under advisement.

It is clear to the Court that the prosecution adduced no evidence as to what defendant's blood/alcohol level would have been at the time he was driving one hour previous to his test.

This question has arisen many times before and is likely to continue to arise and there exists no decisional precedents in Florida to guide the Court. The fact that since the time of defendant's arrest the Legislature has repealed the statute which defendant stands convicted of the UBAL provisions yet remain as an alternative method to prove that a driver was operating under the influence of alcohol. Questions yet remain as to whether or not the standard jury instructions relating to the legal presumptions which arise from various blood/alcohol readings should be read the jury absent evidence relating the reading taken back to the time of the offense. In this regard there is no statute or rule which requires that the breath test which measures the alcohol content in the blood system be given within a given period of the defendant's arrest and there is no requirement of statute or administrative rule which requires that the test result so obtained, regardless of when the test was given, be related back to the time that defendant was driving.

In *Fuenning v. Superior Court of the State of Arizona*, 680 P.2d 121 (Ariz. 1983, reconsideration denied Feb. 27, 1984), the Supreme Court

of Arizona dealt with the claim that the test reading must be related back to the time of the offense as follows:

"The essence of this argument is the difficulty of proof that the defendant had the prescribed BAC at the time he drove or controlled the motor vehicle when the chemical test is administered some time later and is subject to the unavoidable problems discussed above. See supra at 3. Obviously, since it is the person's BAC at the time of driving or controlling the vehicle which determines whether the statute has been violated, results of a test administered after a significant period of time has elapsed or which are subject to other factors creating scientific inaccuracy may leave a reasonable doubt of guilt. These are evidentiary problems which are for the fact finder.

The defendant may offer expert testimony to show that for one reason or another the test results of 10% or higher do not prove beyond a reasonable doubt that the level at the time of driving was in excess of that proscribed. At the same time, the State may introduce evidence to explain the methodology and corroborate or establish the accuracy of the particular test as an indication of alcohol level at the critical time. The question of whether the results establish that the prosecution has met its burden of proving the defendant guilty beyond a reasonable doubt is for the jury. . ." (at page 121)

I hereby certify to the District Court of Appeal, Third District of the State of Florida that the following questions are of great public importance which have great effect on the proper administration of justice throughout that state:

WHETHER EVIDENCE DERIVED FROM CHEMICAL ANALYSIS FOR BLOOD ALCOHOL CONTENT MAY BE ADMISSIBLE IF THE STATE DOES NOT PRODUCE EVIDENCE RELATING SUCH A READING BACK TO THE TIME DEFENDANT WAS DRIVING.

WHETHER THE STANDARD JURY INSTRUCTION WHICH SETS FORTH THE PRESUMPTIONS RISING FROM VARIOUS BLOOD/ALCOHOL CONTENT READINGS SHOULD BE READ TO THE JURY FOR THEIR CONSIDERATION IF THE STATE HAS PRESENTED NO EVIDENCE RELATING BACK TO THE TIME OF THE OFFENSE.

Defendant's Motion for Judgment of Acquittal be and the same is hereby denied. *Fuenning v. Superior Court of the State of Arizona,* 680 P.2d 121.

# APPENDIX

## DRIVING WHILE UNDER THE INFLUENCE

### F.S. 316.193

**2.06**
**CRIME**

IT IS UNLAWFUL FOR ANY PERSON WHO IS UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES (CONTROLLED SUBSTANCES) WHEN AFFECTED TO THE EXTENT THAT HIS NORMAL FACULTIES ARE IMPAIRED, TO DRIVE OR BE IN ACTUAL PHYSICAL CONTROL OF ANY VEHICLE WITHIN THE STATE.

**2.07**
**ELEMENTS**

THE ESSENTIAL ELEMENTS OF THIS OFFENSE WHICH MUST BE PROVED BEYOND A REASONABLE DOUBT BEFORE THERE CAN BE A CONVICTION IN THIS CASE ARE THAT:

1. THE DEFENDANT DID DRIVE OR WAS IN ACTUAL PHYSICAL CONTROL OF A VEHICLE IN FLORIDA.

2. THE DEFENDANT WAS UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES (CONTROLLED SUBSTANCES).

3. THE DEFENDANT WAS AFFECTED TO THE EXTENT THAT HIS NORMAL FACULTIES WERE IMPAIRED.

**DEFINITIONS**

1. NORMAL FACULTIES ARE THOSE FACULTIES OF A PERSON, SUCH AS THE ABILITY TO WALK, TALK, JUDGE DISTANCES, DRIVE AN AUTOMOBILE, MAKE JUDGMENTS, ACT IN EMERGENCIES AND, IN GENERAL, TO NORMALLY PERFORM THE MANY MENTAL AND PHYSICAL ACTS OF OUR DAILY LIVES.

2. ACTUAL PHYSICAL CONTROL OF A VEHICLE MEANS THE DEFENDANT MUST BE PHYSICALLY IN (ON) THE VEHICLE. THE DEFENDANT MUST HAVE THE CAPABILITY AND POWER TO DOMINATE, DIRECT OR REGULATE THE VEHICLE, REGARDLESS OF WHETHER OR NOT HE IS EXERCISING THAT CAPABILITY OR POWER AT THE TIME OF THE ALLEGED OFFENSE.

**OPTIONAL**
**DEFINITIONS**

1. A VEHICLE IS ANY DEVICE, IN, UPON OR BY WHICH ANY PERSON OR PROPERTY IS, OR MAY BE, TRANSPORTED OR DRAWN UPON A HIGHWAY, EXCEPT BICYCLES OR "MOPEDS" OR DEVICES USED EXCLUSIVELY UPON STATIONARY RAILS OR TRACKS.

2. ALCOHOLIC BEVERAGES ARE CONSIDERED TO BE BEER, WINE, WHISKEY, AND ALL OTHER ALCOHOLIC BEVERAGES OF ANY KIND AND DESCRIPTION WHICH ARE MADE FOR HUMAN CONSUMPTION.

3. _____ IS A CONTROLLED SUBSTANCE UNDER FLORIDA LAW.

26

**CHEMICAL TEST**
**(WHERE APPLICABLE)**

EVIDENCE OF THE AMOUNT OF ALCOHOL IN THE DEFENDANT'S BLOOD AT THE TIME OF THE ALLEGED OFFENSE SHALL GIVE RISE TO THE FOLLOWING PRESUMPTIONS:

1. IF THERE WAS AT THAT TIME 0.05 PERCENT OR LESS BY WEIGHT OF ALCOHOL IN THE PERSON'S BLOOD, IT SHALL BE PRESUMED THAT THE PERSON WAS NOT UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES TO THE EXTENT HIS NORMAL FACULTIES WERE IMPAIRED.

2. IF THERE WAS AT THAT TIME IN EXCESS OF 0.05 PERCENT, BUT LESS THAN 0.10 PERCENT BY WEIGHT OF ALCOHOL IN THE PERSON'S BLOOD, SUCH FACT SHALL NOT GIVE RISE TO ANY PRESUMPTION THAT THE PERSON WAS OR WAS NOT UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES TO THE EXTENT THAT HIS NORMAL FACULTIES WERE IMPAIRED, BUT SUCH FACT MAY BE CONSIDERED WITH OTHER COMPETENT EVIDENCE IN DETERMINING WHETHER THE PERSON WAS UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES TO THE EXTENT HIS NORMAL FACULTIES WERE IMPAIRED.

3. IF THERE WAS AT THAT TIME 0.10 PERCENT OR MORE BY WEIGHT OF ALCOHOL IN THE PERSON'S BLOOD, IT SHALL BE PRIMA FACIE EVIDENCE THAT THE PERSON WAS UNDER THE INFLUENCE OF ALCOHOLIC BEVERAGES TO THE EXTENT HIS NORMAL FACULTIES WERE IMPAIRED.

YOU MAY DISREGARD ANY PRESUMPTION IF IT HAS BEEN REBUTTED OR EXPLAINED.

27

F.S. 316.193(3)

**2.06
CRIME**

IT IS UNLAWFUL FOR ANY PERSON WITH A BLOOD ALCOHOL LEVEL OF 0.10 PERCENT OR ABOVE TO DRIVE OR BE IN ACTUAL PHYSICAL CONTROL OF ANY VEHICLE WITHIN THIS STATE.

**2.07
ELEMENTS**

THE ESSENTIAL ELEMENTS OF THIS OFFENSE WHICH MUST BE PROVED BEYOND A REASONABLE DOUBT BEFORE THERE CAN BE A CONVICTION IN THIS CASE ARE THAT:

1. THE DEFENDANT DID DRIVE OR WAS IN ACTUAL PHYSICAL CONTROL OF A VEHICLE IN FLORIDA.

2. THE DEFENDANT HAD A BLOOD ALCOHOL LEVEL OF 0.10 PERCENT OR ABOVE.

**DEFINITION**

ACTUAL PHYSICAL CONTROL OF A VEHICLE MEANS THE DEFENDANT MUST BE PHYSICALLY IN (ON) THE VEHICLE. THE DEFENDANT MUST HAVE THE CAPABILITY AND POWER TO DOMINATE, DIRECT OR REGULATE THE VEHICLE, REGARDLESS OF WHETHER OR NOT HE IS EXERCISING THAT CAPABILITY OR POWER AT THE TIME OF THE ALLEGED OFFENSE.

**OPTIONAL
DEFINITION**

A VEHICLE IS ANY DEVICE, IN, UPON OR BY WHICH ANY PERSON OR PROPERTY IS, OR MAY BE, TRANS-PORTED OR DRAWN UPON A HIGHWAY, EXCEPT BICYCLES OR "MOPEDS" OR DEVICES USED EXCLUSIVELY UPON STATIONARY RAILS OR TRACKS. (F.S. 316.003(64))